Curtis BRINSON

v.

**Warden Donald VAUGHN; the District Attorney of the County of Philadelphia; the Attorney General of the State of Pennsylvania, Appellants.**

No. 08–4082.

United States Court of Appeals,
Third Circuit.

Argued May 12, 2009.

Filed: July 30, 2009.

Rebecca A. Blaskey, (ARGUED) Maureen Kearney Rowley, David Wycoff, Defender Association of Philadelphia, Federal Capital Habeas Corpus Unit, Philadelphia, PA, for Appellee.

Thomas W. Dolgenos, (ARGUED) Ronald Eisenberg, Arnold H. Gordon, Lynne Abraham, Office of District Attorney Philadelphia, PA, for Appellants.

Before: AMBRO, ROTH, and ALARCÓN,* Circuit Judges.

ALARCÓN, Circuit Judge:

The Attorney General of Pennsylvania, the District Attorney of Philadelphia and Donald Vaughn ("the Commonwealth") appeal from the District Court's October 1, 2008 order making absolute Curtis Brinson's conditional writ of habeas corpus. This Court granted the Commonwealth's motion for a stay of the order and put the case on an expedited appeal schedule. Based upon our review of the record, we conclude that the District Court abused its discretion in finding that the continuances requested or joined in by defense counsel were chargeable to the Commonwealth. Accordingly, we will reverse the District Court's order.

**I**

**A**

On May 13, 1986, Brinson was convicted by a jury of first degree murder and sen-

---

* The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

tenced to a term of life imprisonment with a consecutive term of five years probation. At trial, after jury selection, but before the first witness testified, Brinson raised a claim that the prosecutor's jury selection procedures violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court rejected the claim. Brinson raised the *Batson* challenge again at the end of his trial. The trial court again rejected the claim.

Brinson's conviction was affirmed on direct appeal by the Superior Court of Pennsylvania on March 14, 1988. The Supreme Court of Pennsylvania denied discretionary review that same year. On September 2, 1993, Brinson filed a petition in the Pennsylvania Court of Common Pleas pursuant to the Pennsylvania Post Conviction Relief Act (the "PCRA") in the state trial court challenging his conviction on federal constitutional grounds. It was denied without a hearing. On November 9, 1995, 673 A.2d 399, the Superior Court of Pennsylvania affirmed the denial. The Supreme Court of Pennsylvania denied review on December 11, 1996, 694 A.2d 619.

**B**

On March 18, 1997, Brinson filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) in the Eastern District of Pennsylvania. In his application, Brinson introduced new evidence of a video tape in which the assistant district attorney who prosecuted the criminal trial advocated racially discriminatory jury selection techniques in a training class for prosecutors. On September 22, 1997, the District Court denied the application without prejudice for failure to exhaust state court remedies.

On July 30, 1998, Petitioner filed a new petition under the PCRA. It was dismissed as time-barred by the PCRA court. The Superior Court of Pennsylvania affirmed the denial on July 12, 2000. The Supreme Court of Pennsylvania denied discretionary review on November 14, 2000.

**C**

Brinson filed a new application for a writ of habeas corpus in the District Court on December 4, 2000. The District Court denied the petition on the ground that Brinson failed to make a prima facie showing of discrimination in the selection of the jury in violation of *Batson*. Brinson filed an appeal in this Court. This Court granted a certificate of appealability. On February 8, 2005, 398 F.3d 225, this Court vacated the District Court's order and remanded this matter for an evidentiary hearing. The Commonwealth filed a petition for rehearing en banc. It was denied. The United States Supreme Court denied the Commonwealth's petition for a writ of certiorari.

Upon remand, an evidentiary hearing was set by the District Court for March 8, 2007. On March 5, 2007, the Commonwealth withdrew its opposition to the application for a writ of habeas corpus. The Commonwealth requested 120 days "to prepare for a retrial or to enter into plea negotiations." On March 6, 2007, the District Court conditionally granted Brinson's application for a writ of habeas corpus without a hearing. It ordered that Brinson "be released from custody UNLESS within 120 days from the date of this Order the Commonwealth of Pennsylvania affords the petitioner a new trial." *Brinson v. Vaughn*, 583 F.Supp.2d 642, 643 (E.D.Pa.2008) (emphasis in original).

**II**

Between March 6, 2007 and January 3, 2008, a series of continuances in setting a trial date were granted by the state court. The record shows that the continuances were granted pursuant to requests by defense counsel Norris Gelman, and joint

requests by the parties, to allow the District Attorney's Office sufficient time to review the file and determine whether a plea to a lesser offense should be offered. On January 29, 2008, the District Attorney's Office conveyed to Brinson's counsel its determination that a plea to murder in the third degree with no further time in custody would not be acceptable.

Mr. Gelman, Brinson's habeas counsel, withdrew from further representation. The state court appointed counsel to represent Brinson at trial. Brinson's trial counsel requested several continuances to prepare for trial and because he had to try other cases already set for trial. On June 19, 2008, a trial date of June 8, 2009 was set.

## III

### A

On July 16, 2008, Brinson filed a pro se application in the District Court in which he requested that the conditional writ of habeas corpus granted on March 6, 2007 be made absolute. The District Court conducted an evidentiary hearing on September 18, 2008. It received testimony from Mr. Gelman, who represented Brinson in the federal habeas corpus proceedings; Bernard Siegel, his present trial counsel; and John Doyle, the prosecutor assigned to retry the case in state court.

On October 1, 2008, based upon the evidence presented at the evidentiary hearing, the District Court issued an order holding that the Commonwealth had failed to comply with the conditional writ of habeas corpus it issued on March 6, 2007. It held that the Commonwealth had "failed to fulfill the condition precedent to re-try the Petitioner." *Id.* at 645. Accordingly, the District Court declared Brinson's "May 23, 1986 Judgment of Conviction ... null and void, and without effect," and entered an absolute writ of habeas corpus. It ordered his immediate release from custody. *Id.*

### B

The Commonwealth filed a timely notice of appeal and applied for a stay of the order to release Brinson. The stay was granted by this Court, pending this appeal. The District Court had continuing jurisdiction under 28 U.S.C. §§ 1331 and 2254 over Brinson's application for a writ of habeas corpus. *Gibbs v. Frank,* 500 F.3d 202, 205 (3d Cir.2007) (citing *Mickens–Thomas v. Vaughn,* 355 F.3d 294, 303 (3d Cir.2004)). This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the Commonwealth's notice of appeal is from a final order granting Brinson's application to make the conditional writ absolute.

## IV

### A

In its appeal, the Commonwealth contends that the District Court erred in ordering Brinson's immediate release on the ground that a trial had not occurred within the 120–day deadline as the District Court had ordered in granting a conditional writ of habeas corpus pursuant to § 2254(a). In support of this argument, the Commonwealth maintains that the District Court's finding that the delays in setting this matter for trial were not attributable to the defense violated the requirement of 28 U.S.C. §, 2254(a) that a state court's findings on relevant facts are presumed to be correct. This Court reviews a district court's findings of fact for clear error, *Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002), and exercises plenary review over a district court's legal conclusions. *Gibbs,* 500 F.3d at 206.

### B

The District Court found that "[c]ounsel for Mr. Brinson and the Commonwealth *agreed* to a continuance to allow the District Attorney's office additional time to

review the file and determine whether to offer a plea arrangement or to proceed with a retrial." *Brinson*, 583 F.Supp.2d at 643 (emphasis added). Notwithstanding this finding, however, the District Court concluded that the "record in this case does *not* support a finding that the defense requested the delay." *Id.* (emphasis added). Based upon its conclusion that Brinson had not requested the delays in setting this matter for trial, the District Court granted Brinson's request to make his writ of habeas corpus absolute.

## C

The undisputed evidence presented to the District Court at the September 18, 2008 evidentiary hearing demonstrates that Mr. Gelman requested or consented to each of the continuances granted by the state court between March 6, 2007 and January 3, 2008. Mr. Gelman testified that: (1) the requests for extensions of time were all chargeable to the defense; (2) while not all of the parties' appearances are reflected in the state court's docket, appearances were made approximately every 30 days; and, (3) the continuances were necessary because negotiations were underway which he hoped would result in a plea offer by the Commonwealth for third degree murder with time served. After the District Attorney's Office concluded that no plea agreement would be offered, Mr. Siegel was appointed to represent Brinson at trial. Further continuances were agreed to by Mr. Siegel because he needed time to prepare for Brinson's new trial.

The Commonwealth introduced into evidence, without objection, a letter dated November 28, 2007 written by Mr. Gelman. It provides that "this note will confirm that all of the continuances granted by the Homicide Calendar Judge have been at the request of the defense and none are chargeable to the Commonwealth." Evidentiary Hearing, Sept. 18,

2008, Ex. C–3, *Brinson v. Vaughn* (No. 78, Civ.Nos. 00–6115/01–3915). The Commonwealth also introduced five other exhibits, including the state court docket, a second letter from Mr. Gelman, and the transcript of the hearing setting the trial date. The District Court also admitted, over Brinson's objection, notes compiled by Mr. Doyle and paralegals from the District Attorney's Office, documenting court appearances in which continuances were granted at the request of defense counsel between March 6, 2007 and June 19, 2008.

During the evidentiary hearing, Brinson argued that he never agreed to the continuances for the setting of the trial date requested by Mr. Siegel. In his argument to the District Court in support of his pro se application, he maintained that the Commonwealth "had a specific order to retry the case within 120 days, they relied on their trickery and deception in order to get more time to seek out and see if they could find witnesses." Evid. Hrg. at 58, *supra*.

The uncontroverted evidence presented at the evidentiary hearing demonstrates that the delays in setting a trial date occurred in order for the Commonwealth to review the file and consider offering a plea bargain to Brinson, and to accommodate Mr. Siegel's court appearances in unrelated matters. A negotiated plea disposition would have spared Brinson from having to face a second trial for first-degree murder, and a probable sentence of life imprisonment without parole if he' were to be convicted. Thus, there was ample support for the state court's conclusion that none of the continuances should be included in calculating the period within which the Commonwealth must retry Brinson, because they were requested or agreed to by counsel for the defense. Based upon this record, we conclude that the District Court clearly erred in finding that the continu-

ances granted by the state court were chargeable to the Commonwealth. That ruling is not supported by the evidence in the record.

Under the law of this Circuit, "[a]ny delay brought about by a continuance request from the defense should not be included in the 120–day time frame." *Gibbs*, 500 F.3d at 210.[1] A federal district court "should give careful consideration to the appropriate demands of comity in effectuating its habeas corpus decree." *Id.* (quoting *Parisi v. Davidson*, 405 U.S. 34, 46, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972)). Toward that end, Congress has provided that

> [i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, *a determination of a factual issue made by a State court shall be presumed to be correct.* The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1) (emphasis added). Here, rather than presuming that the factual findings made by the state court were correct, i.e., that Brinson's habeas counsel requested the continuances to negotiate a plea bargain, and his appointed trial counsel requested additional time to prepare for trial, the District Court found that while "[t]he defense certainly acquiesced in the initial continuances, . . . the driving force behind the [delays] was the extraordinary length of time taken by the Commonwealth in determining whether to offer" Brinson a plea or "to proceed with a retrial on the charge of first degree murder." *Brinson*, 583 F.Supp.2d at 644. In so ruling, the District Court erred in failing to presume that the state court correctly found that each request for a continuance was made or agreed to by Brinson's counsel. Furthermore, Brinson failed to rebut the presumption of the correctness of the state court's findings by clear and convincing evidence.

## CONCLUSION

The evidence in the record compels the conclusion that, in finding that the continuances granted in Brinson's state court proceedings were chargeable to the Commonwealth, the District Court made its factual findings based upon a "clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on . . . a clearly erroneous assessment of the evi-

---

1. On April 22, 2009, the Commonwealth filed a supplemental brief alerting this Court to the relevance of *Vermont v. Brillon*, —— U.S. ——, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009) to the instant matter. Following oral argument, Brinson's counsel filed a supplemental brief discussing *Brillon*. On May 22, 2009, the Commonwealth filed a response to Brinson's supplemental brief. Brillon was arrested on July 27, 2001 for felony domestic assault but due to a number of delays, was not tried until three years later, on June 14, 2004. On appeal, the Vermont Supreme Court vacated Brillon's conviction on the ground that his Sixth Amendment right to a speedy trial was violated because the delays were chargeable to his assigned counsel. The Supreme Court held that "the Vermont Supreme Court erred in ranking assigned counsel essentially as state actors in the criminal justice system. Assigned counsel, just as retained counsel, act on behalf of their clients, and delays sought by counsel are ordinarily attributable to the defendants they represent." *Id.* at 1287. Accordingly, *Brillon* does not support Brinson's argument that the Commonwealth was responsible for the delays in setting a trial date in this matter. This Court's decision in *Gibbs* that delays brought about at defense counsel's request for a continuance should not be considered in determining whether a matter was set for trial within the time frame ordered by a district court in granting a conditional writ of habeas corpus is logically consistent with the Supreme Court's decision in *Brillon*.

dence."). The District Court also failed to follow the law of this Circuit in determining that the 120–day period it ordered for the retrial of this matter was not tolled by the continuances granted at the request of Brinson's counsel. For the foregoing reasons, we REVERSE the District Court's order.

ROTH, Circuit Judge, Dissenting:

I respectfully dissent from the majority opinion. I am not convinced that the delay can be wholly attributed to the defendant. A major feature of the delay was the Commonwealth's enticement of a plea bargain that never materialized. Brinson's defense attorney was not unreasonable in relying on this potentiality and agreeing to successive continuances. As such, I do not believe Brinson should be held solely responsible for the delay. Nevertheless, Brinson has been retried and convicted. My dissent and suggestion that Brinson should have been released because the Commonwealth failed to try him within the specified 120–day time period are purely academic.