**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4325
_____

IN RE:  CURTIS BRINSON,
                                                Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 00-cv-06115 and 01-cv-03915)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 4, 2013

Before:  FUENTES, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 12, 2013)
_____

OPINION
_____

PER CURIAM

Curtis Brinson, a state court prisoner, has filed a petition for a writ of mandamus, which seeks "enforcement of the parts of U.S. District Judge John P. Fullam's Order dated October 1, 2008, which the Commonwealth (Respondents) concedes they did not appeal to the Third Circuit."  Brinson argues that because the Order granted an absolute writ of habeas corpus, the Commonwealth could not retry him "without new charging documents, a new preliminary hearing, and a new arraignment."

1

The extraordinary remedy of mandamus is not warranted here.  See Kerr v. U.S.

Dist Ct., 426 U.S. 394, 402 (1976).  In Brinson v. Vaughn, No. 08-4082 (3d Cir. July 30,

2009), we reversed the District Court's October 1, 2008 order.  Thus, the District Court's

order never went into effect.  Further, we have denied Brinson's previous petition for a

writ of mandamus based on similar arguments.  See In re: Curtis Brinson, No. 09-2978

(3d Cir. July 10, 2009).

For the foregoing reasons, the petition for a writ of mandamus is denied.

Brinson's motion for appointment of counsel is similarly denied.