**CLD-232**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-2280

———————

IN RE CURTIS BRINSON,
                                                            Petitioner,

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. Nos. 00-cv-06115 & 01-cv-03915)

_____

Submitted Pursuant to Fed. R. App. P. 21
June 11, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 31, 2015)

———————

OPINION*

———————

PER CURIAM

        Curtis Brinson has filed a petition for writ of mandamus.  For the reasons that

follow, we will deny that petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brinson was convicted in 1986 of first degree murder in the Philadelphia County Court of Common Pleas. In 2000, Brinson filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Pennsylvania, see E.D. Pa. Civ. No. 00-cv-06115. Brinson filed another § 2254 petition at E.D. Pa. Civ. No. 01-cv-03915, which was essentially the same petition. The District Court denied both petitions. We subsequently granted Brinson's application for a certificate of appealability and eventually remanded to the District Court for further proceedings, see Brinson v. Vaughn, 398 F.3d 225, 235 (3d Cir. 2005). The Commonwealth of Pennsylvania withdrew its opposition to Brinson's petition, and, on March 6, 2007, the District Court issued an order conditionally granting Brinson's petition, vacating his conviction and sentence, and ordering that he be released from custody unless the Commonwealth retried him within 120 days.

Between March 6, 2007 and January 3, 2008, Brinson's retrial was continued several times, but, finally, on June 19, 2008, a trial date of June 8, 2009 was set. On July 16, 2008, Brinson filed an application in the District Court, requesting that the conditional writ granted on March 6, 2007 be made absolute. On October 1, 2008, the District Court granted that request and issued an order holding that the Commonwealth had failed to fulfill the condition precedent to retry Brinson within 120 days. The District Court declared Brinson's criminal judgment null and void, issued an absolute writ of habeas corpus, and ordered Brinson's immediate release from custody.

2

The Commonwealth appealed and sought a stay pending appeal of the District Court's order, which we granted. The matter was fully brief and argued, and Brinson was represented by the Federal Public Defender. We reversed, holding that the District Court's finding that the continuances granted in Brinson's state court proceedings were chargeable to the Commonwealth was clearly erroneous, and that the 120-day period should have been tolled by continuances granted at the request of Brinson's counsel. Brinson v. Vaughn, 339 F. App'x 171, 174-76 (3d Cir. 2009). Brinson filed a petition for a writ of certiorari, which was denied by the United States Supreme Court on January 25, 2010. Meanwhile, Brinson was retried in state court and again convicted of first degree murder on June 17, 2009.

The issue of the enforceability of the District Court's October 1, 2008 order declaring Brinson's conviction null and void and ordering him released was thus fully litigated on appeal and resolved adversely to Brinson. In the last few years, however, Brinson has attempted multiple times to have the federal courts revisit this issue. In April, 2012, Brinson filed a motion to reopen the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), contending that the absolute writ granted to him should be restored because the Commonwealth, by its own admission, did not appeal all parts of the District Court's October 1, 2008 order, and, therefore, he was improperly retried. The District Court denied the motion in July, 2012, explaining that, at the heart of Brinson's argument, was his misinterpretation of the procedural circumstances of his case, namely, that the October 1, 2008 order was stayed and then reversed by the Court of Appeals;

3

that, although the District Court made its conditional grant of a writ of habeas corpus absolute, the appeals court held that the Commonwealth could retry Brinson when it reversed the District Court; and that, upon reversal, the October 1, 2008 order no longer had any force and effect. Brinson apparently did not appeal the denial of this Rule 60(b) motion to this Court.

In 2013, Brinson had four appeals pending in this Court. At issue in C.A. Nos. 13-4135 and 13-4136 was Brinson's motion filed in both his cases, requesting leave to file a supplemental brief in support of a request for Rule 60(b)(4) relief. He also argued that we, that is, the Third Circuit Court of Appeals, did not have jurisdiction to reverse the District Court's October 1, 2008 order granting him the absolute writ. The District Court denied this motion, noting that Brinson's earlier, identical Rule 60(b) motion had already been denied. At issue in C.A. Nos. 13-4250 and 13-4251 was Brinson's motion filed in both his cases requesting leave to file another supplemental brief in support of Rule 60(b)(4) relief. He again asserted that we had exceeded our power in reversing the District Court's order granting him an absolute writ. The District Court denied this motion, noting that similar motions had already been denied. We denied certificates of appealability in all four of these appeals, or summarily affirmed to the extent that a certificate of appealability was not required, on December 23, 2013.

On April 16, 2014, Brinson filed a motion pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) to amend his petitions, again seeking to restore the District Court's October 1, 2008 order granting him an absolute writ and again arguing that the

4

Commonwealth had failed to oppose his request to make his conditional writ absolute. He contended that the Commonwealth only opposed his request for immediate release and did not oppose making the conditional writ absolute, and he argued that Rule 15(c) applied to his case because he was trying to "amplify the facts." In orders entered on April 18, 2014, the District Court concluded that Brinson was using Rule 15(c) improperly to seek reconsideration of the denial of his Rule 60(b) motion. He did not assert any new grounds or facts, and, therefore, in addition to being untimely, his motion was frivolous. Brinson appealed, and we denied him a certificate of appealability in December, 2014, see C.A. Nos. 14-2021 & 14-2022.

Now, in 2015, Brinson has filed a mandamus petition, in which he asks us to enforce the District Court's October 1, 2008 order and release him. As he did in his original Rule 60(b) motion, Brinson argues that the absolute writ granted to him should be restored because he was improperly retried.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is granted only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). "[M]andamus is not a substitute for appeal and a writ of

mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction." In re Chambers Development Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998) (citing In re Ford Motor Co., 110 F.3d 954, 964 (3d Cir. 1997)).

Brinson does not argue that he has been prevented from making effective use of his avenues for appeal, or for post-judgment relief under Rule 60(b), for that matter, and the issue is not whether he has been successful in using his opportunity for appeal, but rather whether relief, if deserved, can be obtained by way of appellate jurisdiction. Because relief, if deserved, can be obtained by way of appellate jurisdiction, Brinson's resort to mandamus to enforce the District Court's October 1, 2008 order is improper. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

For the foregoing reasons, we will deny the petition for writ of mandamus. Petitioner's motion to file a supplemental brief is denied.