AMENDED ALD-092                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3886
_____

IN RE CURTIS BRINSON,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. Nos. 2-00-cv-06115 & 2-01-cv-03915)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
December 22, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 6, 2016)
_____

OPINION*
_____

PER CURIAM

Curtis Brinson has filed another petition for writ of mandamus.  For the reasons

that follow, we will deny that petition.

In addressing a mandamus petition filed earlier this year by Brinson, we explained

in detail the procedural history of his attempts at habeas corpus relief, and our decision to

deny him mandamus relief, see In re Brinson, --- F. App'x ---, 2015 WL 9083187 (3d

Cir. July 31, 2015).  Now, only four months later, Brinson is back with a nearly identical

request that we enforce, through a writ of mandamus, the District Court's October 1, 2008 order declaring his conviction null and void and ordering him released.[1] However, as previously explained, this matter was fully litigated on appeal and resolved adversely to Brinson. A writ of mandamus is an extreme remedy that is granted only in extraordinary situations, Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Brinson has not been prevented from making effective use of his avenues for appeal. The issue is not whether he has achieved success on appeal "but rather whether relief, if deserved, can be obtained by way of appellate jurisdiction. Because relief, if deserved, can be obtained by way of appellate jurisdiction, Brinson's resort to mandamus to enforce the District Court's October 1, 2008 order is improper." Brinson, 2015 WL 9083187, at *2 (citing In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006)).

For the foregoing reasons, we will deny the petition for writ of mandamus. The motion filed on December 28, 2015 for leave to file an amended petition for writ of mandamus is denied.

---

[1] We reversed the District Court's October 1, 2008 order, and the state court retried Brinson and again convicted him of first degree murder on June 17, 2009.